**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **STEVE JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 5:11-0530** |
| | ) | |
| **FCI BECKLEY MEDICAL** | ) | |
| **EMPLOYEES, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the United States' Motion to Dismiss (Document No. 61.), filed on October 31, 2013. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to the United States' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the United States in moving to dismiss. (Document No. 63.) On January 6, 2014, Plaintiff filed his Response in Opposition. (Document No. 66.) The United States filed its Reply on January 8, 2014. (Document No. 67.) Having examined the record and considered the applicable law, the undersigned has concluded that the United States' Motion to Dismiss (Document No. 61) should be granted.

**PROCEDURAL HISTORY**

On August 8, 2011, Plaintiff, acting *pro se*, filed his Complaint in this matter seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal

Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document No. 2.) Plaintiff names the following as Defendants: (1) FCI Beckley Medical Employees; (2) Mr. White, Nurse or Physicians Assistant; (3) Mrs. Lilly, Nurse; and (4) Mrs. Rose, Nurse. (Id., p. 2.) Plaintiff alleges that Defendants acted with negligence and deliberate indifference by striking him with a battery powered vehicle and failing to stop to provide medical treatment for his injuries. (Id., pp. 4 - 5.) Plaintiff explains that on August 25, 2009, he was "standing on the sidewalk in a common area of the compound at FCI Beckley when a battery powered vehicle driven by Nurse White, who was accompanied by Nurse Lilly and Nurse Rose (passengers) on board this same vehicle," struck him in the upper left arm. (Id., p. 4.) Plaintiff states that he "tried to move from its path, but before I could react this vehicle ran me down and did not stop, and proceeded to its destination." (Id.) Plaintiff claims that "the actions of all three employees can only be concluded as extreme negligence and total disregard for my health and safety because they kept going and did not to my knowledge even return to the scene of the accident after injuring me." (Id.) Plaintiff states that [a]fter I was struck by this vehicle and no one came to my aid and assistance, I reported to FCI Beckley Medical Section to be seen and evaluated for treatment resulting from my injuries." (Id., p. 5.) Plaintiff acknowledges that "I was triaged, x-rayed, and examined by the staff in the medical section. I was given a sling to apply to my left arm to support it and I was prescribed a non-steroid anti-inflammatory medication, Ibuprofen 800 milligram dosage, three times a day." (Id.) Plaintiff complains that "[s]ince the accident, I suffer daily from lower back pain, pain and numbness in my neck, pain in my left shoulder, pain in my left arm, pain in my left leg, foot, and toes." (Id.) Plaintiff

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

contends that the "numbness in my left upper and lower extremities is consistent with neurological or nerve damage." (Id.) Plaintiff claims that he requested an MRI to "find out the full extent of my injuries," but the request was denied by the BOP. (Id., p. 6.) Plaintiff asserts "[s]ince my re-designation and transfer to Beaumont FCI, I have been diagnosed with disc deterioration in my L5-S1 vertebrae, define as discogenic." (Id.) As relief, Plaintiff requests the Court to (1) "order the BOP to give me an MRI," and (2) "award punitive and pain and suffering damages in the amount of $500,000." (Id., p. 8.)

By Order entered on March 12, 2012, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and ordered the Clerk to issue a Summons requiring Defendants to answer or otherwise respond to Plaintiff's claim. (Document No. 9.) On April 25, 2012, the United States filed a "Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" and Memorandum of Law in Support. (Document Nos. 16 and 17.) On April 26, 2012, the United States filed a "Motion to Dismiss Medical Negligence Claims for Failure to State a Claim" and Memorandum in Support. (Document Nos. 18 and 19.) Notices pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), were issued to Plaintiff on April 26 and 27, 2012, advising him of the right to file a response to the United States' "Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" (Document No. 16) and "Motion to Dismiss Medical Negligence Claims for Failure to State a Claim" (Document No. 18). (Document Nos. 20 and 22.) Also on April 26, 2012, the United States filed its Answer to Plaintiff's Complaint. (Document No. 21.)

On May 8, 2012, Defendants' filed their "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support (Document Nos. 23 and 24.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 9, 2012,

advising him of the right to file a response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23). (Document No. 25.) On May 21, 2012, Plaintiff filed his "Response in Opposition to the United States' Motion to Dismiss Medical Negligence Claims for Failure to State a Claim." (Document No. 26.)

On May 31, 2012, Defendants filed their "First Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support (Document Nos. 28 and 29.) On June 1, 2012, the United States filed its "First Amended Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" and Memorandum in Support. (Document Nos. 30 and 31.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on June 1, 2012, advising him of the right to file a response to Defendants' "First Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 28) and the United States' "First Amended Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" (Document No. 30). (Document No. 32.) On June 11, 2012, Plaintiff filed his "Response to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Document No. 33.) On June 15, 2012, Defendants filed a Reply. (Document No. 35.)

By Proposed Findings and Recommendation entered on January 11, 2013, the undersigned recommended that the District Court grant the United States' "First Amended Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" (Document No. 30), deny as moot the United States' "Motion to Dismiss Defendants Conley White, Janeen Rose and Frances Lilly and Substitute the United States" (Document No. 16), grant the United States' "Motion to Dismiss Medical Negligence Claims for Failure to State a Claim" (Document No. 18), grant Defendants' "First Amended Motion to Dismiss, or in the Alternative, Motion for

Summary Judgment" (Document No. 28), deny as moot Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 23), and refer the matter back to the undersigned for further proceedings regarding Plaintiff's FTCA claim. (Document No. 43.) On January 28, 2013, the District Court granted Plaintiff's Motion for Extension of Time to Object to Proposed Findings and Recommendation. (Document No. 45.) Specifically, the District Court granted Plaintiff until February 7, 2013, to file his Objections. (Id.) On February 11, 2013, Plaintiff filed his Objections. (Document No. 46.) By Memorandum Opinion and Order entered on February 11, 2013, United States District Judge Irene C. Berger adopted the undersigned recommendation and referred the matter back to the undersigned for further proceedings regarding Plaintiff's FTCA claim. (Document No. 47.)

On February 25, 2013, Plaintiff filed his "Objections and Traverse to Both Magistrate's Report and Recommendation adopted Premature by United States District Judge Irene C. Berger." (Document No. 48.) By Memorandum Opinion and Order entered on October 15, 2013, District Judge Berger granted Plaintiff's Motion for Reconsideration, overruled Plaintiff's objections to the undersigned's Proposed Findings and Recommendation, and reaffirmed her Memorandum Opinion and Order entered on February 11, 2013. (Document No. 60.)

On October 31, 2013, the United States' filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 61 and 62.) Specifically, the United States argues that Plaintiff's FTCA claim "must be dismissed because his injury is consider *de minimis* under the FTCA." (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on November 1, 2013, advising him of the right to file a response to the United States' Motion to Dismiss. (Document No. 63.)

On January 6, 2014, Plaintiff filed his Response in Opposition. (Document No. 66.) First,

Plaintiff argues that his injuries are more than *de minimis*. (Id., pp. 1 - 3.) Plaintiff explains that he was struck by a battery powered medical transportation cart and "has since suffered pain in his left arm, lower back and entire left side from his lower back to his toe." (Id., p. 1.) Plaintiff claims that he "has been under medication since he was injured for his back problems and has a disc condition." (Id., p. 2.) Plaintiff asserts that "[e]ven if this condition was preexisting, a high velocity smash from a medical cart would have exacerbated the condition." (Id.) Plaintiff further alleges that the "full extent of the [his] injuries are at this time unknown due to the Bureau of Prisons refusal to have him attended by an orthopedic specialist or have him examined by MRI." (Id.) Plaintiff argues that his injuries are "more than de minimis" and "the question of mental anguish or emotional damage would be an issue for a jury to decide." (Id., p. 3.) Second, Plaintiff disputes the United States' statement that Plaintiff was not knocked to the ground when he was struck by the medical cart. (Id., p. 3.) Plaintiff also states that he "was not escorted or taken to medical by staff, as the United States would have his Honorable Court believe."[2] (Id.) In support, Plaintiff attaches a copy of his Affidavit.[3] (Id., pp. 6 - 7.)

On January 8, 2014, the United States filed its Reply arguing that "Plaintiff's response is factually insufficient to vest this court with subject matter jurisdiction and the complaint should be dismissed." (Document No. 67.) Specifically, the United States argues that even though the Court may consider evidence outside the pleadings when considering a motion to dismiss for lack of subject

---

[2] The Court notes that whether Plaintiff was knocked to the ground by the medical cart and whether he was escorted to medical by staff is immaterial for the purpose of the United States' Motion. The United States argues that the Court lacks subject matter jurisdiction because Plaintiff's injury was *de minimis*.

[3] Unsupported affidavits setting forth "ultimate or conclusory facts and conclusions of law" are insufficient. *Moore v. United States*, 1987 WL 11280 (S.D.W.Va. March 23, 1987); *also see Evans v. Technologies Applications & Service, Co.*, 80 F.3d 954, 692 (4th Cir. 1996).

matter jurisdiction, "what plaintiff has presented to support subject matter jurisdiction is not evidence, but at best, improper self-serving allegations and self-diagnosis." (Id., p. 1.) The United States contends that "[n]otwithstanding plaintiff's characterization of his current medical condition, his response provides no evidence that his injuries were more than *de minimis*." (Id., pp. 1- 2.) The United States notes that Plaintiff's medical records reveal "Plaintiff had a subjective history of back pain which was found to be '. . . out of proportion to his findings and x-rays in regards to his lower back." (Id., p. 2.) The United States further argues that even if Plaintiff's preexisting "disc condition" was "exacerbated by the accident with the medical cart, the medical records only show a *de minimis* injury as plaintiff's neurological and functional examinations were repeatedly found to be normal." (Id., p. 3.) Thus, the United States contends that Plaintiff "wants this court to exercise subject matter jurisdiction based on his subjective interpretation of his medical records," which "is not contemplated by Section 1346(b)(2.)" (Id.)

**FACTUAL HISTORY**

Based upon a review of Plaintiff's medical records, Plaintiff reported to Health Services following the incident on August 25, 2009. (Document No. 28-1, pp. 66 - 67.) Specifically, Plaintiff stated that he was on his "way to work from Pine unit when he turned around after someone yelling 'watch out' and states he was hit in the arm by the medical cart." (Id.) Plaintiff was examined by Physician Assistant [PA] Hank Shrewsbury, who noted that Plaintiff had "full range of motion of left shoulder and elbow." (Id.) PA Shrewsbury ordered an x-ray, which revealed no fracture. (Id., pp. 66 and 70.) PA Shrewsbury noted that Plaintiff "will keep [arm] in sling today as inmate states this helps ease the pain." (Id., p. 67.) Plaintiff was diagnosed with a contusion of the forearm, prescribed Ibuprofen, and instructed to follow-up if his symptoms worsened. (Id.)

On September 1, 2009, Plaintiff reported to sick call complaining that "he continues to have

left elbow and shoulder pains with numbness." (Id., p. 62.) Plaintiff was evaluated by PA Scotty Rose, who noted that Plaintiff had "equal strength in bilateral extremities." (Id., p. 63.) PA Rose prescribed 800 mg Ibuprofen tablets and Capsaicin cream. (Id., p. 64.) By Administrative Note entered on September 17, 2009, PA Rose noted that Plaintiff was a "no show" for his callout "regarding his injuries sustained by being hit by the medical cart." (Id., p. 61.) On October 27, 2009, Plaintiff again reported to sick call complaining of "left shoulder and forearm pain," "numbness to his left pinky toe," and "increased lower back and neck pain since being ran over by the cart." (Id., p. 58.) PA Rose evaluated Plaintiff noting that he "does have a history of chronic back pain that is subjective" and "his symptoms are out of proportion to his findings and x-rays in regards to his lower back." (Id.) Upon examination, PA Rose noted that Plaintiff continued to have a full range of motion of his "L-Spine and all extremities," "equal strength in his bilateral extremities," and "good sensation to light touch." (Id., p. 59.) PA Rose ordered additional x-rays of Plaintiff's shoulder and spine. (Id., p. 59.) The x-ray reports were normal. (Id., pp. 68 - 69.) Plaintiff was instructed to follow-up as needed. (Id., p. 59.)

By Administrative Note entered on December 11, 2009, PA Rose noted that Plaintiff was "scheduled to see Dr. Edwards today because the inmate wants an MRI. The inmate asked if we could reschedule it due to religious activities he wanted to participate in." (Id., p. 57.) On December 18, 2009, Plaintiff reported to sick call complaining of pain in his neck, left arm, and left lower extremity. (Id., p. 53.) Plaintiff admitted "to having pain in his back prior to arriving here, but complains the pain on his left side is a result of being hit with the medical cart." (Id.) Plaintiff requested an MRI "because he has numbness and tingling on his left side, but mainly on the tops of his 2nd through 5th toes." (Id.) On a scale to 10, Plaintiff rated his pain at 6 but stated the pain was not constant. (Id.) Dr. Edwards examined Plaintiff noting a full range of motion in the "L-Spine and all extremities," "equal

strength in bilateral extremities," and "no neurological deficits." (Id., p. 54.) Dr. Edwards renewed Plaintiff's prescription for 800 mg Ibuprofen tablets and instructed Plaintiff to follow-up as needed. (Id., p. 55.)

On February 26, 2010, Plaintiff reported to sick call continuing to complain of "lower back, left upper extremity, and neck pain" and "numbness in his toes on his left foot." (Id., p. 47.) Plaintiff was examined by PA Rose, who noted that Plaintiff had a full range of motion in the "L and C-Spines," "equal strength in bilateral extremities," and "good sensation in all of his toes and left foot." (Id., p. 48.) PA Rose renewed Plaintiff's prescription for Ibuprofen and instructed him to follow-up as needed. (Id., p. 49.)

On March 19, 2010, Plaintiff was evaluated by Dr. Edwards during a Chronic Care Visit. (Id., p. 42.) Plaintiff reported that "he still has some back pain," but was "doing well." (Id.) Dr. Edwards noted that the "degeneration of cervical intervertebral disc" was improved. (Id., p. 43.) Plaintiff was instructed to follow-up as needed. (Id.) Plaintiff was again evaluated by Dr. Edwards during a Chronic Care Visit on April 1, 2010. (Id., p. 39.) Dr. Edwards renewed Plaintiff's prescription for Ibuprofen. (Id., p. 41.) By Administrative Note entered on April 19, 2010, PA Rose noted that Plaintiff was a "no show" for his sick call appointment regarding "his 'excruciating' lower back pains." (Id., p. 38.) On May 13, 2010, Plaintiff reported to sick call complaining of continued pain in his neck, left shoulder and lower back and "numbness in his left foot and toes." (Id., p. 34.) On a scale to 10, Plaintiff rated his pain as an 8. (Id.) Plaintiff requested a back brace and shoe insoles. (Id.) Plaintiff was examined by PA Rose, who noted "[n]o changes in physical exam as far as range of motion, deformities, or strength . . . continues to have subjective pains." (Id., p. 35.) PA Rose renewed Plaintiff's prescription for Ibuprofen, issued a pair of gel insoles, advised Plaintiff that FCI Beckley does not issue back braces, and instructed Plaintiff to follow-up as needed. (Id., pp. 35 - 36.)

On May 25, 2010, Plaintiff was evaluated by PA Rose during a Chronic Care Visit. (Id., p. 28.) Plaintiff complained of chronic pain in his neck, back, and left shoulder. (Id.) Plaintiff, however, stated that the "Ibuprofen helps some days" and "he tolerates it well." (Id.) PA Rose examined Plaintiff noting "no changes from previous musculoskeletal exam" and "continues to have full range of motion of L Spine and C Spine with equal strength in bilateral extremities." (Id., p. 30.) PA Rose renewed Plaintiff's prescription for Ibuprofen and instructed Plaintiff to follow-up as needed. (Id., p. 31.) By Administrative Note entered on September 13, 2010, PA Rose noted that Plaintiff was a "no show" for the appointment regarding "impending pains he has throughout the left side of his body as a result of a recent accident." (Id., p. 27.)

On October 8, 2010, Plaintiff reported to sick call complaining of back pain. (Id., p. 25.) Specifically, Plaintiff stated that "I need an MRI or something because the whole left side of my body is messed up. If I can not have an MRI then can I see a chiropractor." (Id.) Plaintiff further complained that the Ibuprofen was not helping the pain. (Id.) PA Rose examined Plaintiff noting that his physical exam continued to be normal and informed Plaintiff that "he had no indication for an MRI." (Id., pp. 25 - 26.) Plaintiff "requested to see a physician," and PA Rose advised Plaintiff that he would schedule an appointment accordingly. (Id.) On October 22, 2010, Plaintiff reported to his appointment with Dr. Edwards regarding his request for an MRI. (Id., p. 22.) Plaintiff explained that he was requesting an MRI due to "left sided back pain, numbness, and tingling." (Id.) Dr. Edwards examined Plaintiff noting "a normal musculoskeletal and neurological exam." (Id., p. 23.) Dr. Edwards prescribed Gabapentin 300 mg tablets to treat Plaintiff's lower back pain and instructed Plaintiff to follow-up as needed. (Id.)

On November 17, 2010, Plaintiff was evaluated by Dr. Edwards during a Chronic Care Visit. (Id., p. 17.) Plaintiff reported that "the Gabapentin is working." (Id.) Dr. Edwards renewed Plaintiff's

prescription for Gabapentin and instructed Plaintiff to follow-up as needed. (Id., p. 19.) On February 28, 2011, Plaintiff was evaluated by PA Rose during a Chronic Care Visit. (Id., p. 7.) Plaintiff continued to complain of "pain in his neck, back, and whole left side." (Id.) Plaintiff, however, acknowledged that his medication "does help some." (Id.) PA Rose examined Plaintiff noting "full range of motion in L Spine and all extremities" and "equal strength in bilateral extremities." (Id., p. 9.) PA Rose renewed Plaintiff's prescription for Gabapentin and Ibuprofen. (Id., p. 10.) Plaintiff was transferred from FCI Beckley on March 24, 2011. (Id., p. 2.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

Plaintiff asserts a negligence claim under the Federal Tort Claims Act [FTCA], 28 U.S.C.

§§ 2671-2680. A plaintiff's FTCA claim must fit into one of the limited areas where Congress waived sovereign immunity. Ali v. Federal Bureau of Prisons, 552 U.S. 214, 215, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008); also see Treasurer of New Jersey v. United States Department of Treasury, 684 F.3d 382 (3rd Cir. 2012)("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacity.") An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). Specifically, the FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

There are, however, exceptions to the FTCA's waiver of sovereign immunity. Pertinent to the instant case, Section 1346(b)(2) provides as follows:

> No person convicted of a felony . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury.

28 U.S.C. § 1346(b)(2). Although the FTCA does not define "physical injury," courts have held that the "physical injury" need not be significant, but it must be more than *de minimis*. See Calderson v. Foster, 2007 WL 1010383 (S.D.W.Va. March 30, 2007)(noting that 42 U.S.C. § 1997e(e) is a related statute, which is not satisfied by a *de minimis* injury), aff'd, 264 FedAppx. 286 (4th Cir. 2008); also see Tsosie v. Bureau of Prisons, 2012 WL 4484935, * 4 (M.D.Pa. Sept. 27, 2012)(*de minimis* physical injuries "are insufficient to maintain a viable FTCA claim"); Owens v. United States, 2012 WL 6057126, * 5 (E.D.N.C. Dec. 6. 2012)("in order to prevail in a negligence action, [a plaintiff]

must offer evidence of the essential elements of the negligence" and must snow that his injury is "more than *de minimis*"); Hornes v. United States, 2007 WL 1463028, * 11 (N.D.W.Va. May 17, 2007)(dismissing plaintiff's tort and constitutional claim for mental or emotional damages where plaintiff could not "show a physical injury or that his claim [was] more than *de minimis*"). A plaintiff bears "the burden of proof to show an unequivocal waiver of sovereign immunity exists and to show that none of the FTCA's waiver exceptions apply." LeRose v. United States, 285 Fed.Appx. 93 (4th Cir. 2008), cert. denied, 555 U.S. 1170, 129 S.Ct. 1313, 173 L.Ed.2d 584 (2009).

In the instant case, Plaintiff seeks "pain and suffering damages" after he was allegedly struck and injured by a medical cart driven by a BOP employee. Plaintiff's medical records reveal that he suffered a contusion, or bruise, to his forearm. A mere bruise or contusion, however, is a *de minimis* injury. See Karavias v. Virginia, 2013 WL 3879701, * 4 (W.D.Va. July 26, 2013)(indicating that plaintiff's bruises and scrapes were *de minimis*); Sublet v. United States, 2011 WL 690533, * 3 (W.D.La. Jan. 28, 2011)(finding a bruise to be *de minimis*), aff'd, 451 Fed.Appx. 458 (5th Cir.), cert. denied, ___ U.S. __, 132 S.Ct. 1961, 182 L.Ed.2d 788 (2012). Plaintiff further alleges that "[s]ince the accident, I suffer daily from lower back pain, pain and numbness in my neck, pain in my left shoulder, pain in my left arm, pain in my left leg, foot, and toes." Physical pain alone is insufficient to constitute more than a *de minimis* injury. See Calderson, 2007 WL 1010383 at * 8(citation omitted) (physical pain alone is a *de minimis* injury that may be characterized as a mental or emotional injury); Shields v. United States, 2010 WL 2803399 (N.D.N.Y. July 15, 2010)("If plaintiff's injury is *de minimis*, he is not entitled to compensation for pain and suffering."), aff'd, 446 Fed.Appx. 325 (2nd Cir. 2011). Finally, Plaintiff argues that his prior "disc condition" was aggravated when he was struck by the medical cart. Even assuming Plaintiff's prior "disc condition" condition was aggravated by the incident, Plaintiff has failed to allege or show more than a *de minimis* injury.

Plaintiff's medical records reveal that Plaintiff was examined by Dr. Edwards and PA Rose numerous times with each examination revealing that Plaintiff had a full range of motion in his L-Spine and all extremities, equal strength in his bilateral extremities, and good sensation to light touch. See Wertish v. Krueger, 433 F.3d 1062 (8th Cir. 2006)(finding minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition to be *de minimis* injuries); McKinney v. United States, 2013 WL 4050146 (N.D.Tex. Aug. 9, 2013)(finding minor abrasions to the elbow and lower back pain, with no evidence of a back injury other than plaintiff's pre-existing disc degeneration, to be *de minimis*). Based on the foregoing, the undersigned finds that Plaintiff's alleged injuries are *de minimis* and the United States's Motion to Dismiss should be granted.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** the United States' Motion to Dismiss (Document No. 61.), **DISMISS** Plaintiff's Complaint (Document Nos. 2 and 27.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: March 13, 2014.

R. Clarke VanDervort
United States Magistrate Judge