# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MR. STEVE JONES,

        Plaintiff,

v.                                      CIVIL ACTION NO.   5:11-cv-00530

F.C.I. BECKLEY MED. STAFF
EMPLOYEES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *pro se Complaint* (Document 2) filed on August 8, 2011, and brought on the grounds, inter alia, that the Plaintiff was injured after being struck by a battery powered golf cart driven by Bureau of Prison (BOP) nurses.  By *Standing Order* (Document 4) entered on August 8, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On March 13, 2014, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 69), wherein it is recommended that this Court grant the Defendants' motion and dismiss the Plaintiff's complaint for failure to state a claim.  Objections to the Magistrate Judge's PF&R were due by March 30, 2014, and the Plaintiff timely filed his *Objections* (Document 65) on March 29, 2014.

I.         **FACTUAL AND PROCEDURAL HISTORY**

Magistrate Judge VanDervort's PF&R sets forth in great detail the procedural and factual history surrounding the Plaintiff's claims. The Court now incorporates by reference those facts and procedural history. In order to provide context for the ruling herein, the Court provides the following summary.

A. *First Motion to Dismiss (Bivens Claims)*

The Plaintiff's August 8, 2011 *Complaint* (Document 2) alleges that on August 25, 2009, while at the Federal Corrections Institute in Beckley, WV (FCI Beckley), Nurses Lilly, Rose, and White struck the Plaintiff with a battery operated golf cart that they were driving, causing him injury.[1] There is a dispute as to the scope of the collision between the Plaintiff and golf cart, with the Plaintiff claiming he was violently thrown to the ground, and the nurses stating that his left arm was the only part of his body impacted, and that he did not fall down. Regardless, the Plaintiff was later seen at the prison's medical facility where he complained of pain in his left arm and subsequently underwent an x-ray which did not reveal a fracture. (*See* Document 12-1 at 67.)

His complaint was brought pursuant to the Federal Torts Claim Act (FTCA) 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, and for alleged violations of his constitutional and civil rights pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (*See* Document 2.) He named the following as Defendants: (1) FCI Beckley Medical Employees; (2) Mr. White, Registered Nurse; (3) Mrs. Lilly, Health Information Technician; and (4) Mrs. Rose, X-Ray Technician, and alleges that they acted with negligence and deliberate indifference when they struck him with the golf cart and failed to stop

---

1      Apparently, the FCI Beckley nurses were responding to a medical emergency in another portion of the prison, and were traveling to that location when their cart struck the Plaintiff. They did not stop to render aid or determine if the Plaintiff was injured.

and provide medical treatment for any injuries. (*Id*. at 2, 4-5.) The Plaintiff also claimed that prison staff refused an MRI to determine the extent of his injuries. (*Id*. at 6.)

On April 25, 2012 the United States of America filed a *Motion to Dismiss Defendants Conley White, Janeen Rose, and Frances Lilly and Substitute the United States* (Document 16), and accompanying *Memorandum in Support* (Document 17). The next day, the United States also filed a *Motion to Dismiss Medical Negligence Claims for Failure to State a Claim* (Document 18) and accompanying *Memorandum in Support* (Document 19). On May 8, 2012, FCI Beckley Medical Staff Employees as well as Defendants Lilly, Rose and White filed a *Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 23), and accompanying *Memorandum in Support* (Document 24).[2] The Plaintiff filed his *Response* (Document 26) to the United States' motion on May 21, 2012, and filed his *Response* (Document 33) to FCI Beckley Medical Staff Employees and Defendants Lilly, Rose and White's motion on June 11, 2012. FCI Beckley Medical Staff Employees and Defendants' Lilly, Rose and White filed a *Reply* (Document 35) on June 15, 2012.

On January 11, 2013, Magistrate Judge VanDervort submitted his *PF&R* (Document 43) wherein he recommended that this Court grant the United States' motion to dismiss the individual defendants and substitute the United States, grant the United States' motion to dismiss the medical negligence claims for failure to state a claim, and refer this matter back to the magistrate judge for further proceedings regarding Plaintiff's FTCA claim. (*See* Document 43 at 32-33.) On February 11, 2013, this Court issued its *Memorandum Opinion and Order* (Document 47) whereby

---

2   The Court notes that FCI Beckley Medical Staff Employees as well as Defendants Lilly, Rose and White filed their *First Amended Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* (Document 28) and accompanying *Memorandum in Support* (Document 29) on May 31, 2012.

3

it adopted the Magistrate Judge's PF&R and referred the matter back to the Magistrate Judge for further proceedings regarding the FTCA claim.[3]

B. *Second Motion to Dismiss (FTCA Claim)*

On October 31, 2013, the United States of America filed a *Motion to Dismiss* (Document 61), and accompanying *Memorandum in Support* (Document 62) regarding the remaining FTCA claim. On January 6, 2014, the Plaintiff filed his *Response* (Document 66), and the United States filed its *Reply* (Document 67) on January 8, 2014. The United States argues that the Plaintiff's injury is nothing more than *de minimis*, and, thus, his claim should be dismissed. (Document 62 at 5-6.) It argues that "[a] contusion, the type of injury Plaintiff suffered in this case, has consistently been held to qualify as a *de minimis* injury in this district and throughout the Fourth Circuit." (*Id*. at 6-7) (citations omitted.) It also argues that in the Fourth Circuit, more severe injuries than that sustained by the Plaintiff here have been held to be *de minimis*, and even taking into consideration the complaints of pain in his back, toes and left side, the Plaintiff has still failed to state a claim. (*Id*. at 7-8.)

The Plaintiff responds that his injuries are, indeed, substantial and more than *de minimis*. He cites several cases (which the United States also cited) in an attempt to better frame the facts and circumstances of the accident and subsequent injury.[4] (Document 66 at 1-3.) He also challenges several assertions made by the United States, including (1) that he was not knocked down by the collision (he claims he was "knocked to the ground, having to catch himself with one hand") and (2) that he was not escorted to medical by members of the prison staff (he states he was

---

3   By *Memorandum Opinion and Order* (Document 60) dated October 15, 2013, this Court, construing the Plaintiff's *Objections and Traverses* (Document 48) as a motion for reconsideration, overruled the Plaintiff's *Objections* (Document 46) to the PF&R and reaffirmed its February 11, 2013 memorandum opinion and order.
4   The Plaintiff also attaches his personal affidavit to his response. (*See* Document 66 at 6-7.)

"escorted by another inmate to the medical department.") (*Id*. at 3-4.) Finally, he demands production of the video surveillance tape and states that if the BOP cannot produce it, then "this Court must take as true the Plaintiff's claims because it is likely that the video evidence was destroyed to prevent his claims from being successful." (*Id*. at 4.)

The United States replies that the Plaintiff's medical records clearly indicate that his injuries were *de minimis*, and any claims of back, neck and shoulder pain "were not supported by the examination findings of full range of motion of the lumbar and cervical spine with equal strength in bilateral extremities and good sensation in all of his toes and left foot." (Document 67 at 1-2.) It argues that the Plaintiff wants the Court to find his injuries more than *de minimis* based on "[the Plaintiff's] subjective interpretation of his medical records," and that such a result is not supported by the law. (*Id*. at 3.) With regard to the alleged videotape of the incident, the United States maintains that it does not exist, and that a claim for "spoliation of the evidence is unfounded." (*Id*.)

On March 13, 2014, the Magistrate Judge submitted his PF&R, wherein he recommends that this Court grant the Defendants' motion to dismiss and remove this matter from the Court's docket. (Document 69 at 14.) The Plaintiff submitted *Objections* (Document 72) to the PF&R on April 4, 2014.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

5

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. APPLICABLE LAW(S)

*A. Motion to Dismiss*

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570). In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." (*Id.*) (quoting *Twombly,* 550 U.S. at 557).

In reviewing a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint," *Erikson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). However, the Court need not "accept as true

unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### B. Motion for Summary Judgment

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving

7

party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position. *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## IV. DISCUSSION

### A. *Magistrate Judge's PF&R*

The Magistrate Judge found that the Defendant's motion to dismiss should be granted because the Defendant's injuries are *de minimis*, and, thus, do not trigger the FTCA's waiver of sovereign immunity. (Document 69 at 12, 14.) The Magistrate Judge based this determination on the factual record, specifically the Plaintiff's medical and treatment records in light of the well-known case law surrounding FTCA claims and *de minimis* injuries. The PF&R first found that the Plaintiff's immediate injury was "a contusion, or bruise, to his forearm," and that this was clearly a *de minimis* injury. (*Id*. at 13.) Regarding the pain and suffering damages alleged by the Plaintiff, the Magistrate Judge found them to be *de minimis* as they are physical pain alone and, thus, not more than *de minimis*. (*Id*.) (citing *Calderson v. Foster*, 2007 WL 1010383, *8 (S.D. W.Va. March 30, 2007) (Johnston, J.)). Finally, he found that the Plaintiff's (assumed) claim for

8

aggravation of a prior disc condition is insufficient because all of the uncontested medical records reveal that the Plaintiff "had a full range of motion in his L Spine and all extremities, equal strength in his bilateral extremities, and good sensation to light touch." (*Id*. at 13-14.) (citation omitted.)

### B. *Plaintiff's Objections*

The Plaintiff filed a two-page objection on April 4, 2014. He asserts that his injuries "cannot be said to be de minimis," and even if they are *de minimis*, "there has not been a proper examination of the Plaintiff by any medical personnel besides biased BOP staff." (Document 72 at 1.) The Plaintiff reincorporates "by reference his Response in Opposition filed with th[e] Court on January 6, 2014 and allege[s] that his injuries are not de minimis." (*Id*. at 1.) He stresses that there has been no examination by an orthopedic doctor or a neurologist, nor any MRI. (*Id*. at 2.) He claims that the "record has not been developed in substance so as to come to a *de minimis* conclusion," and that "proper care has not been given." (*Id*.) He also seeks to renew his motion for appointment of counsel and demand for a jury trial. (*Id*.)

As a threshold matter, the Court need not conduct a de novo review when Plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. Here, the Plaintiff presents several conclusory arguments or objections to the Magistrate Judge's PF&R, most notably that his injuries are more than *de minimis*. He challenges that determination – *de minimis* – yet offers no specific counter argument except that the BOP treatment records are biased, and that BOP staff has refused access to adequate medical treatment and access to an MRI for diagnosis. The same is true for his "incorporated" *Response in Opposition* (Document 66), filed on January 6, 2014.

9

There, the Plaintiff claimed the record was not developed enough for determining the extent of his injuries, and that his constant use of medication combined with pain on the left side of his body, from his neck to left foot, is more than *de minimis*. (Document 66 at 1-2.) He also avers that even if his back injury was preexisting, "a high velocity smash from a medical cart would have exacerbated the condition." (*Id*. at 2.)

The Court finds that the Plaintiff's objections are conclusory and lacking in merit. First, the Plaintiff's claim for lack of adequate medical treatment, or a delay in receiving medical treatment, has been previously ruled on in the context of the Court's earlier *Memorandum Opinion and Order* (Document 60) adopting the Magistrate Judge's January 11, 2013 *PF&R* (Document 43) that found said claim(s) to be barred due to lack of exhaustion. (*See* Document 60 at 36-37.) In light of that ruling, it is disingenuous for the Plaintiff to now rely on the nonexistence of an MRI to support a finding that his injury was more than *de minimis*.[5]

Second, as the Court's previous memorandum opinion and order made clear, the Plaintiff was treated by multiple medical professionals, beginning on the day of the accident and continuing until at least March 2011, when he was transferred from FCI Beckley. (*See* Document 60 at 10-13.) Even a cursory review of the medical records divulge that the Plaintiff consistently enjoyed a full range of motion in his L-spine, as well as equal strength in his extremities and good sensation to touch. (*See* Document 23-1 at 5-67.) These medical records also reveal that the Plaintiff suffered from "subjective pains," and that "he has a [history] of chronic lower back pain that is subjective" and further, "[h]is symptoms are out of proportion to hid (sic) findings and XRays in regards to his lower back." (*Id*. at 35, 58.)

---

5    A review of the pertinent medical records reveals that on October 22, 2010 the Plaintiff underwent a musculoskeletal and neurological exam with Dr. Roger Edwards, DO. (See Document 23-1 at 22-23.) That exam returned results consistent with the Plaintiff's previous overall treatment record –normal. (*Id*.)

The only injury that the record supports is a contusion to the Plaintiff's left arm, and an X-ray revealed that neither it nor his back was broken. (Document 23-1 at 67.) In the end, the Plaintiff can only rely on mere speculation to support his contention that the accident led to more than *de minimis* injuries. However, fatal to this contention is the record before the Court which clearly indicates that the Plaintiff's injuries were nothing more than *de minimis*. He has not pointed the Court to anything, via his objections, to alter this finding. Thus, the Plaintiff's objections should be **OVERRULED**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

## CONCLUSION

Wherefore, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 69) dismissing Plaintiff's *Complaint* (Document 2) be **ADOPTED**, that the Plaintiff's Objections to the PF&R (Document 72) be **OVERRULED**, and that the Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Further, the Court **ORDERS** that the Plaintiff's renewed Motion for Appointment of Counsel and Motion for a Jury Trial, contained at the end of his objections, be **DENIED**.

Additionally, the Court has reviewed the Petitioner's *Motion to Alter or Amend Judgment Pursuant to FRCVP 59(e)* (Document 73) filed on April 21, 2014, and hereby **ORDERS** that it be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:    June 30, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA